**FILED**

JAN 2 9 2010

Clerk, U.S. District and
Bankruptcy Courts

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Duane Joseph Johnson,

Petitioner,

v.

Patricia Stansberry, Warden,

Respondent.

Civil Action No.  **10 0178**

## MEMORANDUM OPINION

Petitioner Duane Joseph Johnson has filed an application to proceed in forma pauperis

and a pro se petition for a writ of habeas corpus.  The application will be granted and the petition

will be dismissed without prejudice.

Johnson is a prisoner under sentence imposed by the Superior Court of the District of

Columbia who is currently confined in a prison outside the District of Columbia.  His petition

establishes that at least twice he challenged his conviction and sentence by filing a motion under

D.C. Code § 23-110 with the Superior Court.  Pet. at 3.  His motions were denied, and his

appeals to the Court of Appeals for the District of Columbia from those denials were also

unsuccessful.  *Id.* at 3-4.  The petition also refers to Johnson's direct criminal appeal, that is, his

first appeal of right.  *Id.* at 5.

The petition seeks declaratory relief with respect to claims of ineffective assistance of

trial counsel, prosecutorial misconduct, misrepresentations by post-conviction counsel, an illegal

sentence imposed by the Superior Court, fraud upon the court by trial counsel, and suppression of

exculpatory and impeachment evidence.  *Id.* at 6.  The petition also asserts that Johnson had

*3*

"ineffective assistance of appellate counsel," and specifically faults appellate counsel for failure to consult, failure to make three specific arguments on appeal, conflict of interest, and failure to notice an appeal after re-sentencing. *Id.* at 5. In addition, the petition claims that appellate counsel failed to assist Johnson with a § 23-110 motion. Johnson argues that this court has jurisdiction under 28 U.S.C. § 2254 to entertain this collateral attack because claims of ineffective assistance of appellate counsel cannot be heard on a § 23-110 motion addressed to the Superior Court. *Id.*

With the exception of the ineffective assistance of appellate counsel claim, all of the claims Johnson asserts in this petition must be presented first to the Superior Court by motion made under D.C. Code § 23-110. *Blair-Bey v. Quick,* 151 F.3d 1036, 1042 (D.C. Cir. 1998) (holding that § 23-110 is exclusive remedy for such challenges). This court does not have jurisdiction to entertain claims that were or could have been presented to the Superior Court on a § 23-110 motion, unless the petitioner can show that his remedy under § 23-110 is "ineffective or inadequate to test the legality of his conviction." D.C. Code § 23-110(g). Because the petition does not claim or demonstrate that Johnson's § 23-110 remedy was ineffective or inadequate, these claims will be dismissed for lack of jurisdiction.

The Supreme Court has made clear that defendants lack a constitutional right to effective assistance of counsel in state collateral proceedings. *See Williams v. Martinez,* 586 F.3d 995, 1001 (D.C. Cir. 2009) (citing *Coleman v. Thompson,* 501 U.S. 722, 752 (1991)). The constitutional right that may be enforced applies to counsel's representation on the defendant's first appeal of right. *Id.* (citing *Evitts v. Lucey,* 469 U.S. 387, 396 (1985)). To the extent that Johnson's claim of ineffective assistance of counsel extends to counsel's performance in

representing Johnson in a § 23-110 motion, or counsel's refusal to assist in the § 23-110 motion,

the claim must fail. *See id.* (finding that plaintiff asserted a constitutional claim because he

asserted that counsel for his direct appeal rendered ineffective assistance). Accordingly, the

claim of ineffective assistance of appellate counsel for failing to assist Johnson on his § 23-110

motion will be dismissed with prejudice for failure to state a claim upon which relief may be

granted.

A prisoner under sentence imposed by the Superior Court of the District of Columbia

who seeks to challenge his conviction on the basis of a claim that his counsel on direct appeal

rendered ineffective assistance may do so by filing a motion with the Court of Appeals for the

District of Columbia requesting that court to recall its mandate. *Watson v. United States,* 536

A.2d 1056, 1060 (D.C. 1987) (noting that ineffective assistance of appellate counsel claims

cannot be heard by the Superior Court on a motion made under D.C. Code § 23-110 and

instructing that a motion to recall the mandate is the proper procedure for presenting a claim of

ineffective assistance of appellate counsel of right); *Williams v. Martinez,* 586 F.3d at 998

(same). If Johnson did not move to recall the mandate, he has not exhausted his local remedies

and therefore no writ of habeas corpus may be granted. 28 U.S.C. § 2254(b)(1)(A) ("An

application for a writ of habeas corpus ... shall not be granted unless it appears that ... the

applicant has exhausted the remedies available [in the local courts]."). If, on the other hand,

Johnson did move to recall the mandate and did not succeed on his claim for ineffective

assistance of appellate counsel, no writ of habeas corpus may be granted unless Johnson can also

show "circumstances exist that render" the remedy by motion to recall the mandate "ineffective

to protect [his] rights." 28 U.S.C. § 2254(b)(1)(B)(ii). The instant petition does not allege either

that Johnson moved to recall the mandate or that the available remedy was ineffective to protect

his rights under the circumstances.  Therefore, there is no possibility that a writ of habeas corpus

may be issued by this court, and further consideration of the petition would be futile.  28 U.S.C.

§ 2254(b).  Because, on its face, the petition does not state a claim upon which relief may be

granted, the claim that counsel rendered ineffective assistance on Johnson's first appeal of right

will be dismissed without prejudice.

A separate order accompanies this memorandum opinion.

Date:  Jan. 24, 2010                                         _____
                                                              United States District Judge