Case 1:10-cv-00178-UNA   Document 30   Filed 06/30/11   Page 1 of 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUN 30 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| Duane Joseph Johnson, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 10-0178 (UNA) |
| ) | |
| Patricia Stansberry, ) | |
| ) | |
| Respondent. ) | |

MEMORANDUM OPINION AND ORDER

This action seeking a writ of habeas corpus is before the Court on remand from the United States Court of Appeals for the District of Columbia Circuit for this Court "to address the merits component of the certificate of appealability question" on petitioner's claim of ineffective assistance of appellate counsel ("IAAC") on direct appeal. App. No. 10-5346, Order (May 11, 2011) (citing *Williams v. Martinez*, 586 F.3d 995 (D.C. Cir. 2009))

A certificate of appealability may issue if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" includes "showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' " *Slack v. McDaniel*, ___ U.S. ___, 120 S. Ct. 1595, 1603-04 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Petitioner asserts that both his trial and appellate counsel had previously represented a government witness who testified against him at his criminal trial. He argues that this alleged conflict of interest prevented appellate counsel from raising arguments on direct appeal about the ineffectiveness of trial counsel and about his

illegally imposed sentence. *See* Mem. of P. & A. in Supp. of Pet. for Writ of Habeas Corpus [Dkt. # 24] at 10 ¶ a, 13 ¶¶ o, p. Petitioner asserts that had appellate counsel raised such arguments, his convictions would have been reversed. *Id.* at 15. The Court cannot conclude without further development of the record that petitioner has not made a substantial showing of the denial of a constitutional right. It therefore will issue a certificate of appealability with the anticipation that the appellate court may remand the case for further proceedings on the surviving IAAC claim.[1] Accordingly, it is

ORDERED that a certificate of appealability is issued. The Clerk is directed to transmit this order promptly to the appellate court; it is further

ORDERED that petitioner's motion to substitute his current warden, E.D. Wilson, as the Respondent [Dkt. # 28] is GRANTED; it is further

ORDERED that petitioner's motion for the Clerk to "certify" receipt of his Memorandum of Points & Authorities and his Verified Amended Petition for Writ of Habeas Corpus, Memorandum of Points & Authorities [Dkt. # 29] is DENIED. The Clerk is directed to include with petitioner's copy of this order a copy of the docket sheet; and it is further

ORDERED that petitioner's motion for transcripts of his criminal proceedings [Dkt. # 26] and his motion for an order directing respondents to show cause [Dkt. 27] are DENIED without prejudice as premature.

_____
United States District Judge

June 28, 2011

---

[1] The initial dismissal of this action occurred prior to assignment to a district judge and notice to the government. The appellate court affirmed the dismissal of all of petitioner's claims "not related to the ineffective assistance of appellate counsel in appellant's direct appeal." App. No. 10-5346, Order (May 11, 2011).