UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DUANE JOSEPH JOHNSON,                    ]
                                         ]
            Petitioner,                  ]
    v.                                   ]  Civil Action No. 10-0178·(ABJ)
                                         ]
ERIC D. WILSON,                          ]
            Respondent.                  ]

## PETITIONER DUANE JOSEPH JOHNSON'S MEMORANDUM IN OPPOSITION TO RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Duane Joseph Johnson, pro se and hereby submits this opposition to respondent Eric D. Wilson's Motion to Dismiss Johnson's Petition for Writ of Habeas Corpus. Dismissal is not warranted under either subdivision 12(b)(1) or 12(b)(6), Fed. R. Civ. P.

Since Johnson filed this habeas petition within a month after the D.C. Circuit decided Williams v. Martinez, 586 F.3d 995 (D.C. Cir. 2009),(which removed a state-created impediment); submitted this petition within one-year after discovering the factual predicate for his claim (28 U.S.C. § 2244(d)(1)(D)); and the principles of equitable tolling apply otherwise, Johnson's habeas petition was timely filed. Holland v. Florida, 130 S. Ct. 2549, 2560, 177 L. Ed. 2d 130 (2010)("[W]e hold that § 2244(d) is subject to equitable tolling in appropriate cases.")

## I. BACKGROUND & PROCEDURAL HISTORY

This habeas action was originally instituted by Johnson in January of 2010.  Before the case was assigned, it was summarily dismissed without a response from the respondent on January 29, 2010.

RECEIVED

JUN 2 4 2013

Clerk, U.S. District and
Bankruptcy Courts

Johnson filed a motion to alter or amend order/motion for reconsideration. This request was denied by the Court. Next, Johnson filed a motion for a certificate of appealability. The Court also denied this motion. Johnson filed a timely notice of appeal.

On May 11, 2011, the D.C. Circuit reversed the order of this Court dismissing Johnson's habeas petition, and remanded this matter. On remand, this Court was instructed to consider the merits of Johnson's claim regarding ineffective assistance of appellate counsel. Apparently this feat was difficult, so the Court granted a certificate of appealability with the anticipation that the D.C. Circuit would remand Petitioner's case.

However, this Court's anticipation was misguided because the D.C. Circuit's May 11, 2011 reversal and remand constituted the prospective remand order this Court had envisioned. As such, Johnson's case remained dormant on this docket until February 13, 2013, after the D.C. Circuit's second remand order dated January 2, 2013. Given the ambiguity behind its May 11, 2011 remand order, the D.C. Circuit's January 2, 2013 remand order crystalized its instructions set out in the 2011 remand order: the case is "remanded to the district court to consider the merits of appellant's claim of ineffective assistance of appellate counsel on direct appeal."

## II. ARGUMENT & RELEVANT AUTHORITY

### A. Johnson's Habeas Petition was Timely Filed

### 1. The D.C. Circuit Removed a State-Created Impediment

"In Williams, the D.C. Circuit announced a new circumstance when the local remedy provided by D.C. Code § 23-110 is inadequate, thereby opening the door to federal court review of a D.C. Code prisoner's claim of ineffective assistance of appellate counsel ("IAAC"). Williams was finally decided on December 23, 2009 (reh'g den.), and arguably only then was the impediment to [Mr. Johnson's] filing of a § 2254 petition removed." Payne v. Stansberry, 800 F.Supp. 2d 251, 258 (D.D.C. 2011)(citing Williams, 586 F.3d at 100 ("[W]e have already recognized some exceptions under section 23-110(g), and today we recognize another.")(Emphasis added).

In this case, Johnson filed his habeas petition on or about January 24, 2010, exactly one month after the D.C. Circuit announced a "new circumstance" in Williams under which Johnson could seek habeas relief. Prior to December 23, 2009, controlling D.C. Circuit precedent barred review of Johnson's claim regarding ineffective assistance of appellate counsel. See Garris v. Lindsay, 254 U.S. App. D.C. 13, 794 F.2d 726 (D.C. Cir. 1986)(Section 23-110 remedy not rendered inadequate or ineffective as a result of the petitioner's inability to raise an issue brought before the Court of Appeals); Streater v. Jackson, 223 U.S. App. D.C. 293, 691 F.2d 1026, 1028 (D.C. Cir. 1982)(directing petitioner complaining of ineffective assistance of appellate counsel tofile a motion to recall the Court of Appeal's mandate); see also Reyes v. Rio, 432 F.Supp. 2d

1, 4 (D.D.C. 2006)("Even if petitioner has failed to file a motion
to recall the mandate, the availability of such a course precludes
the finding of inadequacy or ineffectiveness required to support
his petition to this court.").

Perhaps a couple of these harsh decisions are borne out of
the D.C. Court of Appeals's unconstitutional decision in Mayfield
v. United States, 659 A.2d 1249 (D.C. 1994), which stands for
the proposition that D.C. Code prisoner's cannot use § 23-110
to seek review of an IAAC in any manner.  In rare instances--
such as this one--the Anti-terrorism Effective Death Penalty
Act ("AEDPA") provides that its one-year limitations period shall
run from "the date on which the impediment of filing an application
created by State action in violation of the U.S. Constitution
or laws of the United States is removed, if the applicant was
prevented from filing by such state action." 28 U.S.C. § 2244(d)(1)(B).
Asserting that the statute of limitations was delayed by a state-
created impediment requires a showing of a due process violation.
Lott v. Mueller, 304 F.3d 918, 925 (9th Cir. 2002). This Johnson
can do.

"Because the ineffectiveness of appellate counsel is not
a claim available to District of Columbia prisoners under § 23-
110, 'D.C. prisoners who challenge the effectiveness of appellate
counsel through a motion to recall the mandate in the D.C. Court
of Appeals [may] get a second bite at the apple in federal court
[,]' Williams v. Martinez, 586 F.3d 995, 1000, 388 U.S. App.
D.C. 316 (D.C. Cir. 2009), under the standard for reviewing habeas

pursuant to 28 U.S.C. § 2254. Id. at 1002." Chew v. Ives, 2012
U.S. Dist LEXIS 63505 (May 3, 2012)(citing Williams). With this
clarity, the Court can rest fully assured that Johnson's right
to due process was violated when he was prohibited from presenting
the IAAC claim under § 23-110.

Notwithstanding the wealth of supporting facts and legal
authority favoring the fact that Johnson's habeas petition was
timely  filed, the Respondent despondently argues that Johnson's
habeas petition was submitted untimely. The fulcrum of this argument
is not only frivolous, but it's also misguided.  For example,
this district court has recently adjudicated at least three habeas
petitions on the merits under § 2254, despite the fact that in
each case the criminal convictions--stemming from trials in the
D.C. Superior Court--were affirmed long prior to the one-year
limitations period expiration date described under § 2244(d).
See Payne v. Stansberry supra at 258 (rejecting government's
untimeliness claim under "either the statutory date of when the
impediment was removed [by the Williams decision] or principles
of equitable tolling."); Pinkney v. United States, 802 F.Supp.
2d 28, 34 (D.D.C. 2011)(habeas petition heard on merits although
government argued untimeliness); Coleman v. Ives, 841 F.Supp.
2d 333 (D.D.C. 2012)(acknowledging that Williams removed a state-
created impediment which triggered a fresh one-year filing period
pursuant to 28 U.S.C. § 2244(d)(1)(B); Chew v. Ives 2012 U.S.
Dist LEXIS 63505 (D.D.C. May 7, 2012)(acknowledging that Payne

-5-

correctly rejected government's untimeliness argument); and
Williams v. Martinez, 683 F.Supp. 2d 29 (D.D.C. 2010)(IAAC claim
heard on merits under § 2254 long after expiration of one-year
deadline set out under AEDPA).

In a related vein, the velocity of the untimeliness argument
was presented to the D.C. Circuit by respondent in the most recent
appeal between the parties before the D.C. Circuit. Given the
frailness of such an argument, the D.C. Circuit ignored it, just
as this Court should do.  The D.C. Circuit remanded this case
so that Johnson's claim regarding ineffective assistance of appellate
counsel would be adjudicated on the merits. It is abundantly
clear that Johnson has set forth sufficient facts showing that
he is entitled to relief under this provision. He has identified
the impediment and has also asserted the exact date that the
impediment was removed and for what reason.

2. The New Factual Predicate

Upon information and belief, attorney John P. Fatheree furnished
Johnson with a copy of Victor J. Williams' arrest record in November
of 2005.  Mr. Williams was a government witness who testified
against Johnson in this case.  The records provided by attorney
Fatheree showed that Mr. Williams was arrested for robbery in
July of 1994 in the District of Columbia, nearly tow months after
Johnson's arrest in this matter.  Prior to trial in this matter,
Johnson had specifically requested the government to disclose
information about the arrest and convictions of its witnesses.

-6-

Needless to say, the government intentionally opted not to disclose the information relating to Williams' arrest for robbery while Johnson's criminal matter was unfolding in the local Superior Court of the District of Columbia. Therefore, Johnson filed a motion to vacate his sentence in March of 2006 pursuant to D.C. Code § 23-110 in the Superior Court.

Meanwhile, Johnson continued to investigate the background of Mr. Williams' criminal history. In February of 2007, the Clerk of Court for the Superior Court of the District of Columbia sent Johnson docket sheets in connection with all criminal matters filed against Mr. Williams. After examining said docket sheets, Johnson discovered that Frederick J. Sullivan represented Mr. Williams in a criminal matter where Mr. Williams was indicted on charges of armed robbery and armed burglary. Mr. Sullivan represented Johnson in trial and throught appeal in the instant matter after representing Mr. Williams.

On or about March 14, 2007, Johnson filed a supplement to his motion to vacate submitted March 13, 2006. The supplement alleged that Johnson was entitled to a new trial due to Sullivan's successive representation of Mr. Williams then Johnson. The Superior Court denied the foregoing motions on August 18, 2008. Johnson filed a timely notice of appeal.  The D.C. Court of Appeals affirmed the order denying Johnson's motions to vacate on March 31, 2009. Johnson v. United States, No 08-CO-1180 (slip op.) (D.C. March 31, 2009). Johnson filed the instant habeas petition on or about January 24, 2010.

-7-

AEDPA amended 28 U.S.C. § 2244(d)(1) to create a one-year
statute of limitations, providing in pertinent part:

> (d)(1) A 1-year period of limitation shall
> apply to an application for a writ of habeas corpus
> by a person in custody pursuant to the judgment of
> a State court. The limitation period shall run from
> ***(D) the date on which the factual predicate of
> the claim or claims presented could have been dis-
> covered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(D).

As one might imagine, the limitations period for these claims
would have started to run on discovery of them by Johnson. But,
since Johnson immediately filed post-conviction petitions in
the Superior Court on discovery of his claims, the limitations
period was tolled.  Instead of the limitations period expiring
one year later on discovery of each new factual predicate, however,
the tolling provisions of § 2244(d)(2), which pauses the limitation
period while review of a properly filed petition is pending stretched
the period until March 31, 2009, when final review by the D.C.
Court of Appeals took place.

That being so, it is beyond dispute that Johnson's habeas
petition regarding the new factual predicates would have been
due on or about March 31, 2010. Lastly, Johnson swiftly moved
for relief in the Superior Court and to otherwise ferret out
the nature of the conflict of interest and suppression of evidence
by the government. This action is compatible with a finding of
due diligence under the framework of § 2244(d)(1)(D) and § 2254(e)(2).
Hence, Johnson can avail himself of the exception limned in §
2244(d)(1)(D).

By design, after all, Johnson was <u>not</u> supposed to discover the government's big secrets: Mr. William's 1994 arrest for robbery and Sullivan's previous representation of Mr. Williams for armed robbery and armed burglary.

Yet, Johnson unraveled the misdeeds although the factual predicate for the conflict of interest and the suppression claims could not have been discovered through the exercise of due diligence. Sectio 2244(d)(1)(D).

3. <u>Equitable Tolling</u>

"[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." <u>Holland v. Florida</u>, __U.S.__, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010)(quoting <u>Pace v. Diguglielmo</u>, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005). The extraordinary circumstance must be one that actually <u>caused</u> the untimely filing. <u>See</u> <u>Holland</u>, 130 S. Ct. at 2562.  Seemingly, the extraordinary circumstances standard primarily focuses on the circumstances surrounding the late filing of the habeas petition.

However, the diligence required by equitable tolling purposes is "'reasonable diligence,' not 'maximum feasible diligence.'" <u>Id.</u> at 2565 (quoting <u>Lonchar v. Thomas</u>, 517 U.S. 314, 326, 116 S. Ct. 1293, 134 L. Ed. 2d 440 (1996).

In light of these principles, Johnson submits that this Court's decision in <u>Reyes v. Rio</u>, 432 F.Supp. 2d 1, 4 (D.D.C. 2006) was

an "extraordinary circumstance [which] stood in his way and prevented timely tiling." Holland at 2562 (internal quotation marks omitted).

In Reyes, this Court held that "[e]ven if petitioner has failed to file a motion to recall the mandate, the availability of such a course precludes the finding of inadequacy or ineffectiveness required to support his petition to this court." Reyes supra at 4. (Emphasis added)

Johnson was required to give the Reyes decision full faith and credit although the decision left him between a rock and a hard place. Because Johnson did what he reasonably thought was correct, based on the information announced through Reyes, then he can hardly be faulted for not acting more "diligently" than he did. Tellingly, once Williams was decided, Reyes became obselete and Johnson did not hesitate to file his § 2254 habeas petition. Apparently, Reyes was no longer an "extraordinary circumstance" which stood in Johnson's path for the filing of a timely habeas petition.

On the other hand, equitable tolling is warranted because the D.C. Court of Appeals used Mayfield v. United States, 659 A.2d 1249, 1253 (D.C. 1994) as an obstacle to interfere with Johnson's efforts to properly exhaust the factual basis of his claims and sub-claims. In Mayfield, the D.C. Court of Appeals ruled that a D.C. Code offender is prohibited from asserting ineffective assistance of appellate counsel as cause to excuse a procedural default of a substantive claim under § 23-110.

-10-

Respondent does not dispute that Mayfield's long standing
rule hurls § 23-110 out of harmony with its counterparts: 28
U.S.C. §§ 2241, 2254, and 2255. Congress intended all sections
to be equal to one another. Cf. Swain v. Pressley, 430 U.S. 372,
381, 384, 97 S. Ct. 1224, 51 L. Ed. 2d 411 (1977).

Since the Mayfield decision obstructed Johnson from using
§ 23-110 as a tool to motion the Superior Court to consider
ineffective assistance of appellate counsel as an element of
cause pursuant to Murray v. Carrier, 477 U.S. 748 (1986), like
a federal prisoner would under §§ 2241, 2254, and 2255, Johnson
confronted an "extraordinary circumstance" which interfered with
exhaustion and ultimately stood in his way of timely filing a
habeas petition. Moreover, Johnson experienced a remedy that
was facially inadequate or ineffective.

Given the apparent inadequate or ineffective nature of §
23-110 in this regard, Johnson had to flounder between the Superior
Court and the D.C. Court of Appeals--wasting valuable time--in
an effort to properly exhaust his claims without the full benefit
of the cause and prejudice standard the Supreme Court equally
extended to all defendants pursuing collateral relief.

But for Mayfield actively standing in Johnson's way of exhaustion,
he would have timely filed his petition. Since Mayfield either
"intentionally" or "inadvertently" caused Johnson to believe
that he had to scour the D.C. Code and Superior Court Rules for
another "motion" which would honor ineffective assistance of
appellate counsel as cause to overcome a procedural default,

-11-

for exhaustion purposes, Johnson has clearly demonstrated another
situation that should qualify as an "extraordinary circumstance"
to warrant equitable tolling. [1]

    B. <u>Standard of Review</u>

"In evaluating a motion to dismiss, the Court must 'treat
the complaint's factual allegations as true...and must grant
plaintiff the benefit of all inferences that can be derived from
the facts alleged.'" <u>Bonilla v. Wainwright</u>, 798 F. Supp. 2d 157,
159 (D.D.C. 2011)(quoting <u>Sparrow v. United Air Lines,Inc.</u>, 216
F.3d 1111, 1113, 342 U.S. App. D.C. 268 (D.C. Cir. 2000)(internal
quotation marks and citation omitted). "When considering a motion
to dismiss for lack of jurisdiction, plaintiff bears the burden
of establishing jurisdiction by a preponderance of the evidence."
<u>Bonilla</u> <u>supra</u> at 159 (citing <u>Lujan v. Defenderes of Wildlife</u>,
504 U.S. 555, 561, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)(citation
omitted).

---

1/

    Johnson submits for the record that he does
not concede that his petition is untimely filed.
Section 2244(d) must give way to equitable tolling.
Therefore, Johnson posits valuable reasons for tolling
purposes, just to be safe.

"Moreover, unlike when deciding a motion to dismiss under Rule 12(b)(6), the court 'is not limited to the allegations of the complaint.'" Bonilla supra at 159 (quoting Hori v. United States, 782 F.2d 227, 241, 251 U.S. App. D.C. 145 (D.C. Cir. 1986), vacated on other grounds, 482 U.S. 64, 107 S. Ct. 2246, 96 L. Ed. 2d 51 (1987). "Rather, a court 'may consider such materials outside the pleadings as it deems appropriate to resolve the question whether it has jurisdiction to hear the case.'" Bonilla supra at 159 (quoting Scolaro v. D.C. Bd. of Elections & Ethics, 104 F. Supp. 2d 18, 22 (D.D.C. 2000).

That said, the Court is requested to take judicial notice of the fact that respondent presented the same untimeliness argument to the D.C. Circuit in his motion to dismiss the appeal. The D.C. Circuit completely ignored respondent's argument because it was meritless. This Court should spurn Wilson's untimeliness argument also. Apart from this point, it is vital to point out that Wilson's lack of jurisdiction argument based upon untimeliness is unsound. See Day v. Mcdonough, 547 U.S. 198, 205, 210 n. 11, 126 S. Ct. 1675, 164 L. Ed. 2d 376 (2006)(Untimeliness under the AEDPA is not a jurisdictional defect, however, it is an affirmative defense that the Government may waive.).

Under these circumstances, Wilson's arguments must be laid at rest and the motion to dismiss must be denied.

-13-

### III. CONCLUSION

Injustices are strewn abundantly in the fabric of this case. The Respondent's Motion to Dismiss serves to further perpetuate a tragic spectacle which has destroyed and severed real lives and real people. See Exhibit A attached hereto (Duane Joseph Johnson and mother Deborah Ann Johnson on June 1, 2013 at FCC Petersburg Medium).

Through faith and immense prayer, Johnson has worked diligently to finally have a chance to expose the corruption in this case. Respondent continues to impede judicial review by filing fruitless motions designed to delay justice. Since it is crystal-clear that Johnson has stated a claim and has demonstrated that this Court has jurisdiction, the Respondent's Motion to Dismiss should be denied and Respondent should be directed to file an answer to the habeas petition currently on file.

RESPECTFULLY SUBMITTED this 18th day of June, 2013.

Duane Joseph Johnson
#09202-007
FCC Petersburg Medium
P.O. Box 1000
Petersburg, Va 23804

## CERTIFICATE OF SREVICE

   I hereby certify that a copy of the foregoing Petitioner
Duane Joseph Johnson's Memorandum In Opposition to Respondent's
Motion to Dismiss Petition for Writ of Habeas Corpus was mailed
by first class mail, postage prepaid on this 18th day of June,
2013, upon the following:

                         U.S. DEPARTMENT OF JUSTICE
                         OFFICE OF THE U.S. ATTORNEY
                         555 Foruth Street, N.W.
                         Washington, D.C. 20530


                         _____
                         Duane Joseph Johnson