UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DUANE JOSEPH JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No.  10-0178 (ABJ) |
| | ) | |
| ERIC D. WILSON, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the United States' Motion to Dismiss Petitioner's Petition for Writ of Habeas Corpus [ECF No. 53] and Petitioner's Renewed Motion for Appointment of Counsel [ECF No. 57].  For the reasons discussed below, the motions will be denied.

This petition is filed under 28 U.S.C. § 2254, *see* Pet. at 3, pursuant to which a federal district court may "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court . . . ." 28 U.S.C. § 2254(a).  Respondent moves to dismiss the petition on the ground that it is time-barred.  *See generally* United States' Mot. to Dismiss Pet'r's Pet. for Wirt of Habeas Corpus ("Gov't Mot.") at 1, 7-12.

"A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant of the judgment of a State court," 28 U.S.C. § 2244(d)(1), and the limitation period runs from the latest of:

>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id*. It is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id*. § 2244(d)(2). Because the limitation period is not jurisdictional, it "is subject to equitable tolling," *Holland v. Florida,* 560 U.S.631, __, 130 S. Ct. 2549, 2560 (2010), where the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.*, 130 S. Ct. at 2562 (citation and internal quotation marks omitted).

According to respondent, under 28 U.S.C. § 2244(d)(1)(A), the one-year limitation period began to run on the date petitioner's convictions became final. *See* Gov't Mot. at 9. In this case, the limitations period would have begun on April 8, 1997, when the District of Columbia Court of Appeals denied petitioner's first motion to recall the mandate. *See id.* Taking into account the tolling of the limitation period while petitioner's post-conviction motions were pending,

respondent argues that petitioner's filing deadline fell on or about September 20, 2002.[1]  *See id.* at 10.

Relying on 28 U.S.C. § 2244(d)(1)(B), petitioner responds that the limitation period began to run on December 23, 2009, the date on which the District of Columbia Circuit denied rehearing en banc of its decision in *Williams v. Martinez*, 586 F.3d 995 (D.C. Cir. 2009), *cert. denied,* 559 U.S. 1042 (2010).  *See* Pet. Duane Joseph Johnson's Mem. in Opp'n to Resp't's Mot. to Dismiss Pet. for Writ of Habeas Corpus [ECF No. 56] at 3-4.  Because he "filed his habeas petition on or about January 24, 2010, exactly one month after the D.C. Circuit announced a 'new circumstance' in *Williams* under which [he] could seek habeas relief" in this Court, *id.* at 3, he argues that the petition is timely filed.[2]  The Court concurs.  *See Adams v. Middlebrooks*, 810 F. Supp. 2d 119, 123 (D.D.C. 2011) ("*Williams* was decided on December 23, 2009, and arguably only then was the impediment to Adams's filing of a § 2254 petition challenging the effectiveness of his appellate counsel removed."); *see also Anderson v. United States*, No. 11-1672, 2011 WL 4351802, at *1 (D.D.C. Sept. 15, 2011) (assuming that *Williams* "removed an impediment to this Court's habeas review" and concluding that petition filed more than one year later was "barred by § 2244's one-year limitation period").

"In *Williams*, the D.C. Circuit announced a new circumstance when the local remedy provided by § 23-110 is inadequate, thereby opening the door to federal court review of a D.C. prisoner's claim of ineffective assistance of appellate counsel ('IAAC')."  *Payne v. Stansberry*,

---

[1] The limitation period ran from April 9, 1997 to February 11, 1998 (309 days) when petitioner filed his first motion under D.C. Code § 23-110 in the Superior Court.  The limitation period was tolled until March 25, 2002 when the United States Supreme Court denied his petition for a writ of certiorari, ran again until April 9, 2002 (15 days) when petitioner filed his second motion under D.C. Code § 23-110, was tolled until August 20, 2002 when he withdrew the motion, and continued to run until its expiration (41 days) on September 30, 2002.

[2] The Clerk of Court received the original petition for writ of habeas corpus and petitioner's application to proceed *in forma pauperis* on January 8, 2010.  The Court granted the application on January 24, 2010, and the Clerk entered both documents onto the electronic docket on January 29, 2010.

800 F. Supp. 2d 251, 258 (D.D.C. 2011); see Williams, 586 F.3d at 1000 ("[W]e have already recognized some exceptions under [D.C. Code §] 23-110(g), and today we recognize another."). The Court concludes that the petition is timely, and therefore will deny respondent's motion to dismiss.

It is hereby

ORDERED that the United States' Motion to Dismiss Petitioner's Petition for Writ of Habeas Corpus [53] is DENIED; it is further

ORDERED that Petitioner's Renewed Motion for Appointment of Counsel [57] is DENIED; and it is further

ORDERED that, not later than December 2, 2013, the United States shall file a response to the Court's order to show cause [ECF No. 43] with respect to the ineffective assistance of appellate counsel claims set forth in Petitioner's Third Verified Amended Petition for Writ of Habeas Corpus [and] Memorandum of Points & Authorities [ECF No. 42].

SO ORDERED.

/s/
AMY BERMAN JACKSON
United States District Judge

DATE: October 30, 2013